IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUAMAR SAYYED ASAD, #1524927,<br>　　　　Plaintiff, | )<br>) | |
| vs. | )<br>) | No. 3:19-CV-1458-S-BH |
| THE UNITED STATES,<br>　　　　Defendant. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### I.  BACKGROUND

Muamar Sayyed Asad (Plaintiff), an inmate in the Texas Department of Criminal Justice in Amarillo, Texas, sues the United States of America (USA) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. (*See* doc. 3 at 1; doc. 7 at 2-3.)[2] According to him, he automatically derived citizenship through his father, a naturalized citizen, when his father brought him to the United States in 1989 to live here permanently.  (doc. 3 at 5, 6, 8-27, 28-29, 38.)  He contends that the United States Immigration and Customs Enforcement (ICE) failed to investigate his legitimate derivative citizenship claim and has continued to illegally detain and falsely imprison him on and off since 1997, even after it became clear that his removal from the United States could not be effectuated. (doc. 3 at 29-33; doc 7 at 2, 4).[3]  He also claims that while he was detained, ICE

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]   Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]  Removal proceedings were initiated against Plaintiff following several convictions for criminal offenses.  (doc. 3-4 (Exh. D) (noting his incarceration in 2018 as a result of a conviction); doc. 3-5 (Exh. E) (describing his criminal history leading to the removal proceedings)); *see also Sayyed v. Davis*, No. 18-40814, 2019 WL 118636477 (5th Cir. Apr. 2, 2019) (noting that Plaintiff was convicted of theft in 2008 and sentenced to 15 years of imprisonment).

agents hog-tied and beat him on October 23, 1997, and intentionally pushed him, while shackled and handcuffed, into a protruding metal rod while exiting a bus on September 15, 2005. (doc. 3 at 30, 33; doc. 7 at 3.) Plaintiff expressly states that he does not seek a determination of whether he is a United States citizen because he automatically derived citizenship from his father, so formal approval or determination is unnecessary. (doc. 3 at 32-33; doc. 7 at 5.) He has previously sought to prove his derivative citizenship through various proceedings, but has been unsuccessful. (doc. 3 at 30-32; doc. 3-2 (Exh. B); doc. 3-5 (Exh. E) (reciting Plaintiff's efforts to challenge an order of removal and to obtain a certificate of citizenship).) He instead seeks monetary compensation in the amount of $6 million for the allegedly false imprisonment. (doc. 3 at 5, 35, 38; doc. 7 at 2, 3, 10.)

Plaintiff concedes that he did not submit an FTCA administrative claim form to ICE. (doc. 7 at 6.) He contends that he "mailed" or "submitted" a "demand letter" or "tort demand" dated July 18, 2018, to ICE or its legal department in Dallas, and the Department of Homeland Security (DHS) in Huntsville, and no answer was ever received. (doc. 3 at 28, 32, 35; doc. 3-1 (Exh. A); doc. 7 at 6.) The two-page handwritten "tort demand" letter generally states that he is a United States derivative citizen not subject to the jurisdiction of ICE, DHS, or the Attorney General, that he must be compensated for 30 years of detention, and that he seeks $6 million. (doc. 3-1 (Exh. A).) It notes that the evidence in support of his citizenship claim is contained in his immigration file, which consists of nearly 10,000 pages of evidence, lawsuits, applications, certificates and other evidence of his derivative citizenship claim. (*Id.*) It is not addressed to a specific agency and does not reflect to whom or where it was "submitted." (*Id.*) No process has been issued.

## II.  PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because

2

he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. FEDERAL TORT CLAIMS ACT

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must

be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 477-78.

"The FTCA bars claimants from bringing suit in federal court until they have exhaust their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). Section 2675(a) of the FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). A plaintiff "gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States Dep't of Labor*, 978 F.2d 164, 165 (5th Cir. 1992). Although no particular method of giving notice is required, plaintiffs usually give notice by filing a Form 95 "Claim for Damage, Injury or Death" with the appropriate federal agency. *See id.* (citing *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) and *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980)). Notice to the appropriate federal agency must be provided within two years after the tort claim accrues. *See In re FEMA Trailer Formaldehyde Prods. Liability Litigation*, 646 F.3d 185, 189-90 (5th Cir. 2011). Exhaustion of administrative remedies is a jurisdictional

prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam); *see also Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)(because exhaustion of administrative review is a jurisdictional prerequisite, the filing of a claim cannot be waived) (citations omitted).

Here, Plaintiff concedes that he did not file an administrative claim form with ICE. (doc. 7 at 6). He alleges that he instead mailed or submitted a "tort demand" to two ICE offices in Texas. His demand is not directed to a particular agency and does not reflect where or to whom it was sent. It generally claims that he has derivative citizenship and has been falsely imprisoned for 30 years, states that the supporting evidence is in a 10,000-page immigration file, and demands $6 million dollars. It does not identify any action by any employee sufficient to alert ICE about the negligence of its employees. *See Johnson v. Johnson*, 385 F.3d 503, 516–17 (5th Cir. 2004). In *Cook*, the Fifth Circuit found that the plaintiff's Form 95 failed to satisfy the requirements of § 2675 where it did not indicate which OSHA office he had complained to about OSHA violations, the location where the OSHA violations were occurring, the date he complained to OSHA, and when OSHA revealed his name. 978 F.2d at 166. It noted that the plaintiff's original complaint likewise failed to include any specific information, only a general account of the incident. *Id.* Plaintiff's tort demand in this case likewise fails to satisfy the requirements of § 2675.

Additionally, presentment for purposes of § 2675 requires actual receipt of the claim by the agency. *Barber v. United States*, 642 F.App'x 411, 413–14 (5th Cir. 2016). Even evidence of mailing is not enough to show presentment under the FTCA. *Id.* (citing *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. March 11, 1993) (*per curiam*)). Here, while Plaintiff alleges that he mailed or submitted his demand to two ICE offices in Texas, he alleges that he received no

response. He has not alleged that he can demonstrate agency receipt of his demand as required in order to meet the presentment requirement.

In conclusion, Plaintiff's "tort demand" does not satisfy the exhaustion requirements for his FTCA claim, and he has not met his burden to establish federal jurisdiction over his lawsuit.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 26th day of May, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE